## Case No. 14,813.

UNITED STATES v. CLARKE et al.

[5 Mason, 30.] [1]

Circuit Court, D. Massachusetts. May Term, 1828.

CUSTOMS DUTIES—BOMBAZINES—HOW CLASSIFIED.

Under the tariff act of 22d of May 1824, c. 136 [4 Stat. 25], bombazines, being goods of which wool is a component material, are liable to pay a duty of 30 per cent.

[Cited in Lawrence v. Allen, 7 How. (48 U. S.) 791; U. S. v. United States Tel. Co., Case No. 16,603.]

[Error to the district court of the United States for the district of Massachusetts.]

The original action was debt on a bond for duties on goods imported in the Mercury, Birt master, from London, in the common form. The bond was dated on the 5th of September, 1826. Plea of a tender of $151.18 on the day of payment of the duties, in full of the duties, specifying the goods, and the duties payable on each kind, and among them bombazines of the value, with the charges, of £67. 0s. 10d., on which the duties amounted to $65.49; that is to say, 20 per cent. ad valorem increased by the addition of ten per centum of said amount in value. Replication, that the bombazines were a manufacture of which wool was and is a component part, and are by law subject to a duty of 33½ per cent., with the addition of ten per cent., &c. Demurrer and joinder. Judgment for the defendants [Edward Clarke and others], on which the writ of error was brought.

G. Blake, U. S. Dist. Atty.

F. Dexter, for defendants.

STORY, Circuit Justice. This is a writ of error from a judgment of the district court of Massachusetts district, in a suit on the common bond given to secure the duties on certain foreign goods imported in the Mercury from London. It is unnecessary to consider the pleadings, because the parties have agreed, that the cause shall be decided upon its merits; and in this view alone has it been argued at the bar. The whole controversy turns upon the question, what duty is payable on bombazines of foreign manufacture imported into the United States under the act, commonly called the tariff act of 22d May, 1824, c. 136. That act imposes "on all manufactures of wool, or of which wool shall

---

be a component part, except worsted stuff goods and blankets, which shall pay 25 per cent. ad valorem, a duty of 30 per cent., ad valorem." &c. In a subsequent clause of the same section, it imposes "on all manufactures of silk, or of which silk shall be a component material, coming from beyond the Cape of Good Hope, a duty of 25 per cent. ad valorem; on all other manufactures of silk, or of which silk shall be a component material, 20 per cent. ad valorem." Non-enumerated articles pay a duty of 15 per cent. ad valorem.

It has been suggested at the bar, that this fabric may fall under the class of non-enumerated articles. It does not strike me, that such can be the just legal conclusion, upon the facts admitted at the argument, unless the act itself involves a repugnancy. Bombazine is a fabric, (as was admitted at the argument,) composed of worsted and silk, that is, a fabric of which wool is a component material, and silk is also a component material. It is therefore clearly comprehended in the above enumerated description of goods paying an ad valorem duty, and the only question, which can properly arise, is, to which class does it, with reference to duties, in the contemplation of the legislature, appropriately belong. The language of the first clause is, that "on all manufactures of wool, or of which wool is a component material, except worsted stuff goods," &c. a duty of 30 per cent. shall be paid. If there had been nothing more in the act, there would be little ground for doubt. Bombazines are not in the commercial sense worsted stuff goods, for that description is understood, and indeed not questioned at the bar, to apply only to the lighter sorts of goods composed wholly of worsted, such as bombazetts, plaids, bindings, &c. Such was the contemporaneous exposition given by the treasury department to the language of the act, and it has never to my knowledge been controverted. The exception indeed is carved out of the preceding description; but it does not thence follow, that it is to be construed as co-extensive with, or applicable to, all the kinds of goods, which that description was intended to include. The terms "of which wool is a component material," necessarily suppose, that there were other materials in this class of fabrics than wool; for otherwise the specification would have been wholly superfluous, as the preceding words, "all manufactures of wool" would comprehend all, of which wool was the exclusive material. The exception of "worsted stuff goods" is therefore an exception out of these latter words, and in no just sense a limitation upon the natural meaning of the other words.

As, then, bombazines are not worsted stuff goods, and as they are goods of which wool is a component material, they are liable to the 30 per cent. duty, unless it can be shown, that in some other part of the act there is an implied exception, or a necessary repugnan-cy, which defeats the duty. It is said, that the succeeding clause does create such an exception, because it lays a duty of 20 per cent. "on all manufactures of silk, or of which silk shall be a component material;" and silk is a component material of bombazines. If the fact is so, (and indeed it is undeniable,) it seems to me to create, not a case of exception out of the preceding clause, but of repugnancy to it. Different duties are laid in different parts of the act on the same fabric; and as it would be impossible to say, which ought to prevail, neither could prevail. The act quoad hoc would be a nullity. The fabric could not strictly be deemed a non-enumerated article, which the legislature designed should be liable to pay a duty of 15 per cent. ad valorem only, for it is doubly enumerated in the act; but the repugnancy of the clauses would lead to that as the necessary judicial conclusion. If this would be the legal result, upon the argument, it certainly deserves great consideration, before it is adopted; for the legislature ought not to be presumed to create such a repugnancy, unless the conclusion be inevitable.

My opinion is, though it is not given without hesitation, that a construction may be adopted, which will give effect to each clause without involving such a necessary repugnancy. It is this. The first clause respects manufactures, of which wool is a component material, and was designed to embrace all goods, which fall within the general description, without any exception. If any particular fabric had been intended to be excepted, it would have been incorporated into the exception or proviso of that clause. This being assumed as the legislative intention, every subsequent clause is to be construed in subordination to it. When, therefore, the next succeeding clause laid a different duty on goods, of which silk is a component material, there is an implied exception of all such goods as were already provided for in the preceding clause, that is to say, of all such goods as embraced wool and silk as component materials, leaving all other goods, of which silk was a component material, to the full operation of the duty of 20 per cent. In this way a natural and rational exposition is given to both clauses, and no repugnancy arises. And I think this construction greatly fortified by considerations derived from the other articles of cotton, flax, and hemp, in the second clause, in respect to which the same difficulty must arise, when they are in combination with wool. Nor should the observation be omitted, that this was the contemporaneous construction given by the treasury department, and it has hitherto silently prevailed without any legislative interference to cure the supposed defect in the act, or correct the supposed error of judgment in the department. The tariff act of 1828 [4 Stat. 270], just passed by congress, has been referred to by the counsel for the defendant, to show that bombazines are spe-

cially named therein. This is true, but they are enumerated as a fabric, of which wool is a component part, and as an exception from a class, which is to pay a duty of 40 per cent. ad valorem. But the same act places a duty on goods, of which silk is a component material, without excepting bombazines. So that this act plainly indicates a legislative opinion, that bombazines fall within the description of goods, of which wool is a component material, and are liable to pay duties as such, without the slightest suspicion, that it was necessary to except them from the clause respecting silks.

The judgment of the district court must therefore be reversed with costs.